MARGARET EVANS, et al., Appellants, v. FLORENCE JOHNSON, et al., Appellees.

## ON REHEARING.

Where a conveyance is of the west half of a lot actually containing ten acres, but the description and area specifically given in the conveyance covers only 2 1-2 acres, and the possession given and the occupancy had under the conveyance for many years is only of one-half of the west half of the lot embracing 2 1-2 acres, and the other parties during the entire time claimed and had possession of the other 2 1-2 acres contained in the west half of the lot, the claimants under the first mentioned conveyance will be confined in partition proceedings to the 2 1-2 acres occupied under such conveyance.

Decree modified and affirmed.

Sparks & Jennings, for Appellants;

C. B. Peeler, for Appellees.

PER CURIAM.—The attention of the court having been called to the fact that the application for an oral argu-

ment filed herein had been overlooked when the case was considered on the briefs filed, an oral argument was allowed. The record has been again carefully considered in the light of the oral argument; and the original deed on which complainants base their right to partition, which was not here when the case was decided, has been sent here by an order made under the rule.

The deed was executed April 23, 1870, and conveys land in fee simple to Sarah Cooper, the common ancestor. The deed is considerably mutilated by careless use, but it is clearly ascertained that the land is described as follows:

"The west half of a lot of land numbered and designated as Lot Number Three (Lot No. 3) upon the map of a tract of land in the eastern portion of the Western Isaac Hendricks grant of Haddock's Estate tract, north of the railroad, said map being recorded in the clerk's office among the public records, Duval County, the north and south line of the lot hereby conveyed measuring three chains ninety links and the east and west lines measuring six chains and forty links, and containing two and one-half acres more or less." The testimony shows that under this deed Sarah Cooper occupied till her death in 1875 a portion, containing two and one-half acres, of the west half of Lot 3, possession of which was given her by the surveyor who witnessed the deed delivered to her; and that her daughter, Margaret Evans, occupied the other portion of the west half of Lot 3, containing two and one-half acres, under a deed executed the same day conveying to her the east half of Lot 3, the possession of which was given to her by the surveyor at the same time.

The court decreed a partition of the entire west half of Lot 3, except a small portion not in controversy, presuma- bly upon the theory that as Margaret Evans' deed was to the east half of Lot 3, while under such deed she occu-

23—Vol. 68

pied with her mother only the west half of Lot 3, and the occupancy of the common ancestor and her children of the entire west half of Lot 3 was pursuant to the conveyance to the ancestor of the west half of Lot 3, though the conveyance purported to cover only two and one-half acres, while the west half of Lot 3 in fact contains five acres. But the terms of the deed of conveyance to Sarah Cooper, the common ancestor, which original deed is now before this court, and the possession and occupancy of Sarah Cooper thereunder, are confined to two and one-half acres; and to this two and one-half acres only do the complainants show an interest in a title derived from Sarah Cooper, the common ancestor. A resulting trust in favor of Margaret Evans as to this two and one-half acres is not clearly established, and the ruling of the chancellor thereon is not shown to be erroneous.

When the former opinion herein was rendered, the deed to Sarah Cooper was not before the court, and the transcript of the record brought here on appeal did not show error in the decree.

The affirmance of the decree herein is modified so as to direct a partition only of the two and one-half acres of land covered by the deed of conveyance to Sarah Cooper and by the possession and occupancy of Sarah Cooper and her heirs under such deed of conveyance.

TAYLOR, C. J., AND SHACKLEFORD, COCKRELL, WHITFIELD AND ELLIS, J. J., concur.